STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-100

KATHLEEN MOYLAN et al.,

Plaintiffs,

v.

**ORDER**

BELLEVUE CONDOMINIUM
ASSOCIATION,

Defendant.

## I. Background

This is a case concerning an internal governance dispute at a condominium located in Wells. Plaintiffs bring suit alleging the Defendant Bellevue Condominium Association improperly attempted to amend the Association's Declaration to reinstitute a seasonal restriction calling for winter closures of certain units. Together with other related claims, Plaintiffs seek injunctive and declaratory relief that the seasonal restriction does not apply to their units. Plaintiffs and Defendant have both moved for summary judgment.

## II. Discussion

Summary judgment is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56. "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000

1

ME 84, ¶ 6, 750 A.2d 573. Where there is sufficient evidence to support competing versions of material facts, the outcome must be decided by the factfinder at trial. *Id.*

The Defendant asserts that the Plaintiffs' suit should be dismissed because they failed to exhaust appeal remedies available internally at the Association pursuant to the Bylaws. Failure to exhaust remedies is an affirmative defense. *Aroostook Med. Ctr. v. Walsh*, CV-03-442, 2004 Me. Super. LEXIS 58, *3 (Jan. 5, 2004). Because the Defendant failed to plead this defense in the answer, Def.'s Ans. 5, the defense has been waived. M.R. Civ. P. 8(c); *King v. Town of Monmouth*, 1997 ME 151, ¶ 7, 697 A.2d 837.

After review of the parties' properly supported statements of material facts, the court concludes there are material facts in dispute. M.R. Civ. 56. The parties principally dispute whether notice was proper for the meeting at which the Association voted to amend the Declaration. (Def.'s S.M.F. ¶¶ 58, 60; Pl.'s S.M.F. ¶ 31.) The adequacy of notice depends in part upon the nature of the amendment, in particular whether the seasonal restriction constituted a change in use of the Plaintiffs' units. The court cannot resolve this dispute of fact on summary judgment. The parties' motions are accordingly denied.

The entry shall be:

The Plaintiff's motion for summary judgment is hereby DENIED. The Defendant's motion for summary judgment is hereby DENIED.

SO ORDERED.

DATE: August 25 2015

John O'Neil, Jr.
Justice, Superior Court

2

CV-13-100

ATTORNEY FOR PLAINTIFFS:
JOHN A TURCOTTE
AINSWORTH THELIN & RAFTICE PA
PO BOX 2412
SOUTH PORTLAND ME  04116

ATTORNEY FOR DEFENDANT:
JENS-PETER W BERGEN
LAW OFFICE OF JENS-PETER W BERGEN
79 PORTLAND ROAD
KENNEBUNK ME  04043